SOUTH COVINGTON & C. ST. RY. CO. *v.* GEST.

*(Circuit Court, S. D. Ohio, W. D.* September 11, 1888.)

Motion for New Trial and for modification of findings of fact. For findings, see 34 Fed. Rep. 628.
*John C. Benton* and *Simrall & Mack,* for plaintiff.
*Hoadly, Johnson & Colston* and *Reemlin & Reemlin,* for defendant.

JACKSON, J. The court has carefully reviewed the evidence in this case, and fully considered the several grounds on which the motion for a new trial, and for a modification of the court's findings of fact, are made on behalf of defendant. Without reviewing these grounds in detail, the result of this re-examination is the conclusion that said motions should be denied. The court adheres to its former conclusion that the cause of action based upon the fraudulent representations made by defendant in respect to the 768 coupons was not barred by the statute of limitations. In the findings of fact heretofore filed the court found

that "this fraud was not discovered by plaintiff until the fall of 1883, when the testimony of said Gest and others was taken in the foreclosure proceedings." By this statement the court meant that the plaintiff was not in possession of the facts which were calculated to give them notice of the fraud until after the evidence had been concluded, and the report of the master was made, in the fall of 1883. The court considered that report made in November, 1883, based upon the testimony of Kellogg and Gest, as the earliest date at which plaintiff was in possession of facts calculated to excite its suspicion that Gest had made untrue and fraudulent representations about the coupons. Gest's deposition, given in the foreclosure proceeding in February, 1883, did not disclose the fact that he had knowingly made false and fraudulent representations about the coupons. Neither did the affidavit of Wier. Kellogg's testimony, taken in the fall of 1883, made the first disclosures that were calculated to excite suspicion and inquiry. But the first actual discovery of the fraud which defendant committed in his representations about the coupons was made in the fall of 1885, when Gest's deposition was given in this case, and when he stated that he "really didn't believe that they [the said coupons] were a first lien, but were only a valid indebtedness, good in connection with other floating debts of the company." When he made this statement as to what his actual belief was at the time of making his representations about the coupons, he disclosed for the first time an essential ingredient of the fraud with which he is charged in and by the amended count filed in February, 1887. If necessary, the court would hold that the fraud was not actually discovered till the fall of 1885. But as the facts found by the master in his report under the foreclosure proceedings, and those stated in the deposition of Kellogg under that reference, were calculated to excite plaintiff's suspicion, and induce inquiry, the court in the findings already filed computed the running of the statute of limitations from the fall (November) of 1883. Upon a re-examination of the matter, the court is satisfied that this is the earliest date at which plaintiff should be charged with a discovery of the fraud. The other material and controlling facts of the case are as found by the court in the findings heretofore filed, and they are adhered to, with the legal conclusions deduced therefrom. It is not deemed proper, nor is it in conformity with the usual practice in such cases, to set out in detail the evidence on which these findings were based. The motion to modify the findings of fact and for a new trial are both overruled and disallowed, with costs to be taxed against defendant. An order will be accordingly so entered.